**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**
**DOCKETING STATEMENT--CIVIL/AGENCY CASES**

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed.**

| | |
|---|---|
| **Appeal No. & Caption** | No. 15-2360 Realmuto v. Life Ins. Co. of N. America |
| **Originating No. & Caption** | 1:14-cv-01386-GLR Realmuto v. Life Ins. Co. of N. America |
| **Originating Court/Agency** | United States District Court for the District of Maryland |

| **Jurisdiction** (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 USC Sec 1291 |
| Time allowed for filing in Court of Appeals | 30 days |
| Date of entry of order or judgment appealed | 7/24/2015 |
| Date notice of appeal or petition for review filed | 10/29/2015 |
| If cross appeal, date first appeal filed | n/a |
| Date of filing any post-judgment motion | 8/7/2015 |
| Date order entered disposing of any post-judgment motion | 10/29/2015 |
| Date of filing any motion to extend appeal period | n/a |
| Time for filing appeal extended to | n/a |
| Is appeal from final judgment or order? | ⦿ Yes    ○ No |
| If appeal is not from final judgment, why is order appealable? n/a | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

01/27/2015
SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | n/a | |
| Case number of any pending appeal in same case | n/a | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | n/a | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ◉ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Plaintiff/Appellant (Realmuo) filed suit filed pursuant to the Employee Retirement Income Security Act of 1974, 29 USC §1001 et. seq., and §1132(a)(1)(B) thereof, against Defendant/Appellee, Life Ins. Co. of N. America (LINA)(and others, each of which were voluntarily dismissed by stipulation approved by the trial court) for the recovery of benefits due pursuant to a Group Disability Insurance Policy and Life Insurance Policy in which Realmuto was a beneficiary.<br><br>In his Complaint, Realmuto claimed that he suffered from Charcot-Marie-Tooth disease, a neuromuscular disease with no curative treatment, and that his symptoms progressed until May 22, 2004 when, as result of that disease, he was no longer able to perform the duties required of him in his position with his employer and was determined to be totally disabled by LINA.<br><br>(see attached) |

**Nature of Case and Disposition, page 2.**

LINA paid Realmuto's disability benefits for approximately 7-1/2 years until October 11, 2011 when, as the result of a surveillance video obtained over a 4-day time period, LINA determined that Realmuto was no longer disabled under the definitions of his disability policy and terminated his benefits, as well as a life insurance policy which was in effect as a component of Realmuto's benefits package.

The parties filed cross-motions for Summary Judgment. On the written motions, and without oral argument, the trial court granted LINA's, and denied Realmuto's, Motion for Summary Judgment.

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| 1. Whether the District Court erred in granting Summary Judgment in favor of LINA based on a single 4-day surveillance video, where the administrative record consisted of medical evidence of Appellant's debilitating, progressive neuromuscular disease with no curative treatment, existing for a period of 37 years which rendered him totally disabled for more than 7 years.<br><br>2. Whether the District Court erred in granting Summary Judgment in favor of Appellee where it failed to have Appellant personally examined by a qualified medical professional but, instead, relied solely on a single 4-day surveillance video and conclusions reached by 2 non-treating doctors who never examined or saw Appellant, in person, based on that video.<br><br>3. Whether the District Court erred in denying Appellants post-judgment motion on the grounds that its Memorandum Order granting Appellee's Motion for Summary Judgment stated that the Court relied on a surveillance video which showed 108 hours of activity on the part of Appellant whereas the surveillance video showed only 108 minutes of activity. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Life Insurance Co. of North America | Adverse Party: |
| Attorney: Ian C. Taylor, Esq.  Jeffrey Khantroff, Esq.<br>Address: DLA Piper US LLP<br>6225 Smith Avenue<br>Baltimore, Maryland 21209 | Attorney:<br>Address: |
| E-mail: Ian.taylor@dlapiper.com | E-mail: |
| Phone: 410-580-3000 | Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: Mario Realmuto | Name: |
| Attorney: Martin S. Protas<br>Address: Adams Law Center<br>31 Wood Lane<br>Rockville, MD 20850<br>MSProtas@Protas-law.net | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: 301-340-1896 | Phone: |
| **Appellant (continued)** | |
| Name: | Name: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

**Signature:** [signed]                                      **Date:** 11-17-2015

**Counsel for:** Appellant

**Certificate of Service:** I certify that on ___11/17/2015___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| Signature: [signed] | Date: 11/17/2015 |